**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

FERNANDO NUNEZ,                          :
    Petitioner,                              :
                                             :
       v.                                  :          **CASE No. 14-cv-2192**
                                             :
SUPERINTENDENT MASON, et al.,            :
    Respondents                              :


**<u>PETITIONER'S MEMORANDUM OF LAW IN SUPPORT OF</u>**
**<u>CLAIM ONE OF AMENDED PETITION FOR WRIT OF HABEAS CORPUS</u>**

Fernando Nunez, by his counsel undersigned, respectfully submits this memorandum of

law in support of Claim One of his Amended Habeas Petition, ECF No. 22. For reasons stated in

the Unopposed Motion to Defer Litigation on Certain Claims, filed today, Mr. Nunez

respectfully requests that he be permitted to proceed with litigation of Claim One and that

litigation on the remaining claims be deferred pending full exhaustion in state court.[1] As asserted

in Claim One, Mr. Nunez was denied his Sixth Amendment right to self-representation when he

was excluded from the voir dire of a potentially tainted juror who had received an anonymous

and threatening phone call from a Hispanic-sounding voice in the middle of trial. The state court

found the exclusion of Mr. Nunez from the voir dire constituted error, but then found the error to

be harmless. The state court's application of harmless error review was contrary to and/or an

unreasonable application of established Supreme Court precedent holding that the right to self-

---

[1]    Undersigned counsel does not intend to submit further briefing on Claims Two or Three from the Amended Habeas Petition. As stated in the Motion to Defer Litigation on Certain Claims, undersigned counsel was mistaken in her previous representation that Claims Four through Seven had been exhausted in state court. Those claims are not yet ripe for adjudication.

representation includes the right to participate in voir dire and the denial of the right of self-representation is not subject to harmless error review. *McKaskle v. Wiggins*, 45 U.S. 168, 174, 177 n.8 (1984).

## I.     Factual and Procedural Background[2]

On December 16, 2003, Mr. Nunez was arrested and charged with the murder of Christopher Jastrzebski, who had been killed over two years earlier on May 13, 2001.[3] According to the prosecution's trial theory, co-defendant Russell Chrupalyk had hired Mr. Nunez and co-defendant Anthony Medina to kill Jastrzebski who was Chrupalyk's partner in a failing business. NT 11/7/05 at 52-55.[4] The prosecution did not have any forensic evidence tying Mr. Nunez to the murder but rather relied on the testimony of cooperating witnesses who provided statements two years after the crime. On November 7, 2005, jury selection was scheduled to begin on Mr. Nunez's second trial on these charges. His first trial had ended in a mistrial; prior to the second trial, Mr. Nunez's trial was severed from that of his co-defendants.

Prior to the start of jury selection, Mr. Nunez moved for substitute counsel on the grounds that appointed counsel James Bruno, who had been appointed after the first trial, had only met with him on one occasion and that trial counsel was not prepared to effectively

---

[2]     Petitioner includes here only the factual and procedural background necessary for an understanding of Claim One, the denial of the right to self-representation.

[3]     Petitioner was under 18 years old at the time of the murder of Jastrzebski. Resentencing proceedings, as required under *Miller v. Alabama*, 132 S.Ct. 2455 (2012), and *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016), are pending in state court.

[4]     References to state court transcripts or notes of testimony consist of "NT" followed by the date of the hearing followed by the relevant page number.

represent him. NT 11/7/05 at 3-9. The trial court denied Mr. Nunez's motion for substitute counsel. *Id.* at 9.

After jury selection was completed, but prior to the jury being sworn, Mr. Nunez moved to represent himself. NT 11/9/05 at 21. During the colloquy, Mr. Nunez told the trial court that he had to represent himself because trial counsel had not communicated with him sufficiently and Mr. Nunez himself was more familiar with the case than trial counsel. *Id.* at 27-29. After completing the requisite colloquy, the trial court determined that Mr. Nunez's decision to represent himself was knowing, intelligent, and voluntary. *Id.* at 30. Attorney Bruno was designated standby counsel.

In the middle of the trial, a juror, through a detective, reported that he had received an anonymous voice message stating "I know who you are. I know what you're doing. I know where you've been." NT 11/14/05 at 4, 8. The juror played the message for his fiancé who got scared on behalf of the juror's 84-year-old parents, for whom the juror was a caretaker. *Id.* at 5. The juror testified that "There was a little fear factor for me, [I] went down to the 15th," referring to the 15th Philadelphia Police District. *Id.* The juror then testified that the more he listened to the message, the more he believed it was just a hoax. *Id.* The juror noted that the voice sounded Hispanic, the same ethnicity as Mr. Nunez (and, presumably, Mr. Nunez's family). *Id.* at 6. The juror stated that the message would not affect his ability to be fair in the case. *Id.* But the juror also expressed concern for his family, stating, "I'm a caretaker. I work third shift and take care of my parents during the day. While I'm not there, other people are there. I don't need any bullshit people playing on my family, because that's my heart and soul." *Id.* at 8.

The entire voir dire of the juror occurred in the trial court's chambers. NT 11/14/05 at 4. The trial court, the prosecutor, and standby counsel were present. Mr. Nunez, who was representing himself, was not present. Standby counsel did not request that the juror be replaced with an alternate and the trial court determined that the juror could be fair. NT 11/14/05 at 9. Immediately after making that finding, the court noted "We're just waiting for Mr. Nunez to get here." *Id.* As Mr. Nunez was incarcerated, the Court's comment indicated that he had not yet been transported from the detention facility to the courthouse or he had not yet been transported from the courthouse holding cells to the courtroom. In either event, it is indisputable that Mr. Nunez was not present for this voir dire nor would it have been possible for standby counsel to speak with Mr. Nunez prior to the voir dire.

On November 16, 2005, the jury found Mr. Nunez guilty of first degree murder, criminal conspiracy, and possession of an instrument of crime. NT 11/16/05 at 49-50. Mr. Nunez was sentenced that same day to the mandatory sentence of life imprisonment on the first-degree murder conviction.[5] NT 11/16/05 at 55.

On direct appeal, Mr. Nunez argued that the trial court erred in interviewing a juror without his presence when he was acting pro se. Super. Ct 12/23/08 Op. at 5.[6] In analyzing this

---

[5]     The life sentence on the first degree murder conviction was imposed concurrently to a sentence of five to ten years for the conspiracy conviction and concurrently to a sentence of two and a half to five years on the possession of an instrument of crime conviction. NT 11/16/05 at 55. The sentence in this matter was imposed consecutively to another life sentence that had already been imposed on petitioner in a separate murder case, *Commonwealth v. Nunez*, Philadelphia Court of Common Pleas No. CP-51-CR-205251-2003. There is currently a successive state Post Conviction Relief Act petition pending in that separate case in the Philadelphia Court of Common Pleas.

[6]     The Superior Court Opinion of December 23, 2008, affirming Mr. Nunez's conviction, was attached as Exhibit A to the Amended Habeas Petition. ECF No. 22.

claim, the Pennsylvania Superior Court found that Mr. Nunez had made a knowing, voluntary and intelligent choice to represent himself. *Id.* at 9. The Superior Court also found that the questioning of the juror constituted a critical stage of trial and that the trial court erred by violating Mr. Nunez's right to be present during a critical stage of his trial. *Id.* at 10, 13. The Superior Court then determined that the error was harmless because standby counsel was present during the voir dire, standby counsel was permitted to question the juror, and the trial court found that the juror was able to judge the case based on the evidence and the law and not on the anonymous phone call. *Id.* at 16.

## II.    Standard of Review under AEDPA

Petitioner is in the custody of the Commonwealth of Pennsylvania in violation of the United States Constitution. He seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a). The writ of habeas corpus "stands as a safeguard against imprisonment of those held in violation of the law," and this Court must be "vigilant and independent" in reviewing the Petition. *Harrington v. Richter*, 131 S. Ct 770, 781 (2011). This petition is governed by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). Under AEDPA, if a claim has been adjudicated on the merits by the state court, a federal court may grant relief only if the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A rule is clearly established if it is "dictated by precedent existing at the time" of the relevant state court decision, and is not clearly established if it "breaks new ground or imposes a new obligation on the States or the Federal Government." *Williams v. Taylor*, 529 U.S. at 381 (quoting *Teague v. Lane*, 489 U.S. 288, 301 (1989)). The "contrary to" and "unreasonable application" clauses of section 2254(d)(1) have independent meaning. *Williams*, 529 U.S. at 405-06. First, a state court decision is "contrary to" clearly established federal law if the state court (1) "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law" or (2) "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent" and reaches an opposite result. *Id.* at 405; *McMullen v. Tennis*, 562 F.3d 231, 236 (3d Cir. 2009). Second, a state court's decision is an "unreasonable application" of federal law if the state court "unreasonably applies the correct legal rule to the particular facts, unreasonably extends a legal principle to a new context, or unreasonably refuses to extend the principle to a new context where it should apply." *Breakiron v. Horn*, 642 F.3d 126, 131 (3d Cir. 2011) (quotation omitted). An unreasonable application of federal law is different than an incorrect or erroneous application of federal law. *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003).

Here, the state court's decision regarding Mr. Nunez's claim was contrary to clearly established federal law. Alternatively, it was an unreasonable application of federal law.

## III.    Argument

The United States Supreme Court has clearly established that a defendant has a Sixth Amendment right to self-representation. *Faretta v. California,* 422 U.S. 806 (1975). The Court further discussed the parameters of a defendant's right to self-representation in *McKaskle v. Wiggins*, 45 U.S. 168 (1984), in which the Court considered the role standby counsel for pro se

litigants. The *McKaskle* Court determined that unsolicited participation by standby counsel does not itself violation the right to self-representation. Standby counsel can help explain basic rules of courtroom protocol and steer the defendant through the basic procedures of trial. 45 U.S. at 183-84. However, a defendant's right to self-representation "plainly encompasses certain specific rights to have his voice heard" and the "pro se defendant must be allowed … to make motions, to argue points of law, to participate in voir dire, to question witnesses, and to address the court and the jury at appropriate points in the trial." *McKaskle*, 45 U.S. at 174.

Furthermore, the Supreme Court held that the denial of the right to self-representation is not subject to harmless error analysis. *McKaskle v. Wiggins*, 45 U.S. at 177 n.8. "The right is either respected or denied; its deprivation cannot be harmless." *Id. See also Buhl v. Cooksey*, 233 F.3d 783, 808 (3d Cir. 2000) (habeas relief warranted despite "overwhelming evidence" against the defendant because denial of right to self-representation constituted structural error that is not subject to harmless error analysis).

Mr. Nunez had unequivocally asserted his right to proceed pro se. In doing so, he stated that he did not believe that appointed counsel was as prepared and that he himself was more familiar with the case than appointed counsel. 11/9/05 at 28. As a pro se defendant, Mr. Nunez had the right "to make motions, to argue points of law, to participate in voir dire [and] to question witnesses." *McKaskle*, 45 U.S. at 174. In excluding Mr. Nunez from the questioning of the juror, the trial court denied Mr. Nunez the opportunity to participate in voir dire, to question the juror, and to argue for the replacement of that juror with an alternate. Mr. Nunez certainly had legitimate reasons to request the replacement of a juror who had received an anonymous and threatening voice message from a Hispanic sounding speaker. While the juror indicated that he

could still decide the case solely based on the evidence presented at trial, the juror also was worried enough to share the message with his fiancé and they were mutually worried enough over the safety of the juror's elderly parents that they reported the message to the 15th Police District. The Supreme Court has long held that jury voir dire is a critical stage of a criminal proceeding. *See Gomez v. United States*, 490 U.S. 858, 873 (1989). Mr. Nunez's right to self-representation was clearly violated when he was excluded from the voir dire of the potentially tainted juror.[7]

The Pennsylvania Superior Court correctly found that Mr. Nunez had the right to be present for the questioning of the juror and that it was error for the trial court to exclude him. Super. Ct 12/23/08 Op. at 10, 13. However, the state court appeared to have considered the error only as a violation of his right to be present, even though Mr. Nunez had presented the claim as a violation of his right to self-representation.[8] The state court reviewed the error for harmlessness and found the error to be harmless. This was contrary to clearly established federal law as the Supreme Court has that the deprivation of the right to self-representation is not subject to harmless error review. *McKaskle,* 45 U.S. at 177 n.8; *Buhl*, 233 F.3d at 808 (habeas relief warranted despite "overwhelming evidence" against the defendant because denial of right to self-representation constituted structural error that is not subject to harmless error analysis).

---

[7]   It cannot be argued that Mr. Nunez waived his right to represent himself for the purposes of that voir dire as he was not even in the courtroom prior to the in-chambers questioning of the juror and could not have consented to his own absence nor given standby counsel instructions on how to proceed.

[8]   In his appeal brief, Mr. Nunez framed the issue as "Did the leaned trial court err in interviewing a juror without the defendant present *when the defendant was acting pro se*?" Sup. Ct Op. 12/23/08 at 5 (emphasis added). During PCRA proceedings, the Superior Court again characterized Mr. Nunez's claim as a Sixth Amendment self-representation claim, and not a deprivation of his right to be present. Sup. Ct Op. 1/14/14 at 10.

Other courts have also found that the application of harmless error review to a denial of the right of self-representation is contrary to clearly established federal law under 28 U.S.C. § 2254(d)(1). For example, in *Torres v. Uttecht*, 545 F. Supp. 2d 1141 (W.D. Wash. 2008) (adopting report and recommendation of magistrate court), a pro se defendant claimed that his Sixth Amendment right to self-representation was violated when the state trial court answered a jury question without translating the question for petitioner (a Spanish-speaker) nor seeking his view on how to respond. 545 F. Supp. 2d at 1141. The Washington State court acknowledged that the trial court erred, but then found the error to be harmless because the instruction given was not erroneous, the trial court did not provide the jury with any new information and the petitioner was not prejudiced. *Id.* at 1145. The *Torres* Court found that the state court's determination was contrary to established Supreme Court precedent. *Id.* Under *McKaskle*, the error was not a trial error subject to harmless error review but rather structural error not amendable to harmless error analysis. Habeas relief was granted in that matter.

Similarly, here, Mr. Nunez's right to self-representation was violated when he was excluded from the voir dire of a potentially tainted juror; and the state court's application of harmless error review was contrary to establish federal law as held in *McKaskle*. Habeas relief should be granted on the basis of this claim.

**IV.     Conclusion**

For the reasons set forth above and in the Amended Habeas Petition, ECF No. 22, the

petition for writ of habeas corpus should be granted on the basis of Claim One.


Respectfully submitted,


DATE:  January 13, 2023                    */s/ Susan M. Lin*
                                            Susan M. Lin
                                            I.D. No. 94184
                                            KAIRYS, RUDOVSKY, MESSING,
                                            FEINBERG & LIN
                                            The Cast Iron Building
                                            718 Arch Street, Suite 501 South
                                            Philadelphia, PA  19106
                                            (215) 925-4400
                                            (215) 925-5365 (fax)

                                            *Counsel for Fernando Nunez*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 13, 2023, the foregoing Amended Petition for Writ of Habeas

Corpus by a Prisoner in State Custody was filed via the Court's CM/ECF system, is available for

viewing and downloading, and, as such, was served upon the below counsel:

> Matthew Stiegler, Esq.
> Philadelphia District Attorney's Office
> 3 South Penn Square
> Philadelphia, PA  19107
> Matthew.Stiegler@phila.gov

> */s/ Susan M. Lin*
> Susan M. Lin