IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FERNANDO NUNEZ,** | : | |
| Petitioner, | : | |
| | : | |
| v. | : | CASE No. 14-cv-2192 |
| | : | |
| **SUPERINTENDENT MASON, et al.,** | : | |
| Respondents | : | |

# ORDER

AND NOW, this _____ day of _____, 2023, upon Petitioner's Unopposed Motion to Defer Litigation on Certain Claims, it is hereby ORDERED Petitioner's Motion is GRANTED. Petitioner shall submit a memorandum of law as previously ordered in support of Claims One through Three of his Amended Habeas Petition as previously ordered. Litigation on Claims Four through Seven of his Amended Habeas Petition shall be deferred pending resolution of his pending post-conviction petitions in state court.

BY THE COURT:

_____
**THE HONORABLE MARK A. KEARNEY**
**United States District Court Judge**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FERNANDO NUNEZ, : | |
|     Petitioner, : | |
| : | |
|     v. : | CASE No. 14-cv-2192 |
| : | |
| SUPERINTENDENT MASON, et al., : | |
|     Respondents : | |

**PETITIONER'S UNOPPOSED MOTION TO
DEFER LITIGATION ON CERTAIN CLAIMS**

Fernando Nunez, by his counsel undersigned, respectfully requests that the Court permit litigation of certain unexhausted claims of his federal habeas petition to be deferred while he proceeds with litigation of his exhausted claims. In support thereof:

1. On April 14, 2014, Mr. Nunez filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his judgment and conviction for first degree murder in the case of *Commonwealth v. Nunez*, Pennsylvania Docket No. CP-51-CR-0402401-2004. ECF Doc. 1.

2. This pro se petition included several claims, including a claim for relief under *Miller v. Alabama*, 132 S.Ct. 2455 (2012) (holding that a mandatory life sentence without parole for a juvenile offender is unconstitutional), as well as several claims related to the pre-trial and guilt phases of Mr. Nunez's case.

3. At the time Mr. Nunez filed his federal habeas petition, he had a pending Pennsylvania Post-Conviction Relief Act ("PCRA") petition raising the *Miller* claim and several guilt phase claims.

2

4. On June 19, 2014, the federal habeas petition was stayed and held in abeyance so that Mr. Nunez could exhaust his *Miller* claim in state court. ECF No. 6.

5. On October 10, 2017, Mr. Nunez, assisted by court-appointed counsel, filed an amended federal habeas petition incorporating all the claims Mr. Nunez raised in his pro se petition and incorporating the claims Mr. Nunez had submitted in his supplemental PCRA petitions that were pending in state court. ECF No. 22. In total, seven claims were presented.

6. Claims One through Three of Mr. Nunez's amended habeas petition had already been fully exhausted in state court proceedings. Claims Four through Seven had not been exhausted at the time of the filings of the amended habeas petition. Claim Four consisted of Mr. Nunez's *Miller* claim. Claims Five through Seven were guilt-phase claims.

7. On October 12, 2017, the federal habeas proceedings were stayed and abeyed so that he could exhaust all of his claims, including his non-*Miller* claims, in state court. Mr. Nunez was representing himself in those state court proceedings.

8. On July 29, 2022, undersigned counsel reported to the Court that Mr. Nunez's state court proceedings were completed and that all the claims in Mr. Nunez's pending federal habeas petition were ripe for adjudication.

9. Undersigned counsel was mistaken.

10. With great apologies, undersigned counsel mis-read the state court docket to indicate that a Pennsylvania Superior Court decision in January 10, 2022 had resolved all of Mr. Nunez's then pending PCRA claims.

11. However, after closer reading and inquiry into a non-public version of the state court docket and upon consultation with an attorney from the Defender Association of

3

Philadelphia, which was recently appointed in state court proceedings, it appears that the Mr. Nunez is pending a *Miller*-resentencing in state court.

12. Also, upon closer reading, undersigned counsel now realizes that the Superior Court decision of January 10, 2022, had not constituted a denial of Mr. Nunez's PCRA claims on appeal, but rather had constituted a quash of Mr. Nunez's appeal of the state court's resolution of his PCRA petition and that Mr. Nunez would not be able to present his guilt-phase PCRA claims to the state appellate court until after the resolution of his *Miller* claim.

13. Thus, undersigned counsel was mistaken in informing the Court that Mr. Nunez's claims were already fully exhausted in state court. Counsel is very sorry for her mistake.

14. Based on undersigned counsel's mistaken representation, the Court lifted the stay of this matter and permitted parties to engage in discovery and ordered any memorandum of law to be filed on or before January 13, 2023. ECF No. 33 & 37.

15. As of this time, claims One through Three of Mr. Nunez's habeas petition are fully exhausted. Counsel is filing today a memorandum of law in support of Claim One. Counsel rests of Mr. Nunez's pro se filings and the Amended Habeas Petition, ECF No. 22, on Claims Two and Three.

16. If the Court deems that relief is due on Claim One, then Mr. Nunez may be in a position to withdraw all of his remaining claims, both in the federal habeas proceedings and in his state court PCRA proceedings.

17. It is potentially more efficient for both the state and federal courts to fully litigate Claim One at this time while waiting resolution of the state court proceedings on Claims Four through Seven. Counsel apologizes for not suggesting this possibility earlier.

18.     Counsel for the respondents, Assistant District Attorney Matthew Stiegler agrees to Mr. Nunez's request that parties litigate the exhausted claims first while deferring litigation on the remaining unexhausted claims.

19.     Any delay in proceedings due to a partial stay should not unnecessarily prejudice Mr. Nunez as he is currently serving a separate life sentence after being convicted for a homicide which occurred when Mr. Nunez was an adult. *Commonwealth v. Nunez*, Pennsylvania Docket No. CP-51-CR-0205251-2003.

WHEREFORE, for the foregoing reasons, Mr. Nunez respectfully requests that the Court defer litigation on Claims Four through Seven of his federal habeas petition and permit litigation to proceed on Claims One through Three.

Respectfully submitted,

DATE:  January 13, 2023

*/s/ Susan M. Lin*
Susan M. Lin
I.D. No. 94184
KAIRYS, RUDOVSKY, MESSING,
FEINBERG & LIN
The Cast Iron Building
718 Arch Street, Suite 501 South
Philadelphia, PA  19106
(215) 925-4400
(215) 925-5365 (fax)

*Counsel for Fernando Nunez*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 13, 2023, the foregoing Petitioner's Unopposed Motion to Defer Litigation on Certain Claims was filed via the Court's CM/ECF system, is available for viewing and downloading, and, as such, was served upon the below counsel:

>Matthew Stiegler, Esq.
>Philadelphia District Attorney's Office
>3 South Penn Square
>Philadelphia, PA  19107
>Matthew.Stiegler@phila.gov

>>*/s/ Susan M. Lin*
>>Susan M. Lin