IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FERNANDO NUNEZ** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 14-2192 |
| | : | |
| **SUPERINTENDENT BERNADETTE** | : | |
| **MASON, ACTING SECRETARY OF** | : | |
| **THE PENNSYLVANIA** | : | |
| **DEPARTMENT OF CORRECTIONS** | : | |
| **GEORGE LITTE, PENNSYLVANIA** | : | |
| **STATE ATTORNEY GENERAL** | : | |
| **JOSHUA SHAPIRO** | | |

## ORDER

**AND NOW**, this 6th day of April 2023, upon review of the Petition for habeas relief (ECF Doc. No. 1) under 28 U.S.C. § 2254, Petitioner's counseled Memorandum (ECF Doc. No. 42) in support of habeas relief, the District Attorney's Response (ECF Doc. No. 51) conceding habeas relief, mindful of notice and right-to-be-heard obligations possibly imposed by the Crime Victims' Rights Act and Pennsylvania Crime Victims' Rights Act,[1] finding our review raises questions arising from the District Attorney's concession for which timely guidance from the parties will assist our analysis, it is **ORDERED**:

1. Each Party is granted leave to file supplemental memoranda not exceeding twenty pages on or before **May 10, 2023** addressing:

   a. Did the Pennsylvania Superior Court's harmless error review after finding the trial court committed error in violating Petitioner's non-waived constitutional right to be present during a critical stage of his trial involve an unreasonable application of clearly established federal law?[2]

   b. Whether notice from the District Attorney complied with the Crime Victims' Rights Act and Pennsylvania's Crime Victims' Rights Act?

2. The District Attorney shall serve this Order, as well as the Petition (ECF Doc. No. 1), Memorandum (ECF Doc. No. 42) and the Response (ECF Doc. No. 51) upon the victim's known family or their lawful representative no later than **April 11, 2023** under a cover letter copied to Petitioner's counsel advising they may, by no later than **May 1, 2023**:

   a. provide the District Attorney with their written position as to the requested habeas relief;

   b. file a statement of interest before us on or before **May 1, 2023**; and,

   c. request notice of all sentence modifications and public hearings;

3. The District Attorney shall file a Certificate of Service confirming compliance with Paragraph 2 of this Order by no later than **April 12, 2023**;

4. The District Attorney may not take actions to dissuade the victim's family or lawful representative from being heard or otherwise unreasonably delay our analysis; and,

5. Nothing in this Order precludes appointing amici after review of the parties' supplemental Memoranda.

KEARNEY, J.

---

[1] 18 U.S.C. § 3771; 18 P.S. § 11.213.

[2] *See Commonwealth v. Nunez*, 903 EDA 2007 (Pa. Super. Dec. 23, 2008); *see also Williams v. Taylor*, 529 U.S. 362 (2000) (citing Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254(d)(1)).