IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FERNANDO NUNEZ,** | : | |
| Petitioner, | : | |
| | : | |
| v. | : | CASE No. 14-cv-2192 |
| | : | |
| **SUPERINTENDENT MASON, et al.,** | : | |
| Respondents | : | |

### PETITIONER'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF CLAIM ONE OF AMENDED PETITION FOR WRIT OF HABEAS CORPUS

Fernando Nunez, by his counsel undersigned, respectfully submits this supplemental memorandum of law in support of Claim One of his Amended Habeas Petition (ECF No. 22) in accordance with the Court's order of April 6, 2023 (ECF No. 52). As asserted in Claim One, Mr. Nunez was denied his Sixth Amendment right to self-representation when he was excluded from the voir dire of a potentially tainted juror who had received an anonymous and threatening phone call from a Hispanic-sounding voice in the middle of trial. The Court has requested further briefing on whether the "Pennsylvania Superior Court's harmless error review after finding the trial court committed error in violating Petitioner's non-waived constitutional right to be present during a critical stage of his trial" constituted an "unreasonable application of clearly established federal law." ECF No. 52. In this supplemental memorandum, Mr. Nunez first discusses the requirements of 28 U.S.C. § 2254(d)(1); then Mr. Nunez reviews the clearly established federal law on the right to self-representation; and then Mr. Nunez reviews the state court decision on his claim. Finally, Mr. Nunez discusses how the state court's decision was both "contrary to" and an "unreasonable application of" clearly established federal law.

I.     28 U.S.C. § 2254(d)(1)

Under 28 U.S.C. § 22154(d)(1), if a claim has been adjudicated on the merits by the state court, a federal court may grant relief only if the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States." A rule is clearly established if it is "dictated by precedent existing at the time" of the relevant state court decision, and is not clearly established if it "breaks new ground or imposes a new obligation on the States or the Federal Government." *Williams v. Taylor*, 529 U.S. 362, 381 (2000) (quoting *Teague v. Lane*, 489 U.S. 288, 301 (1989)).

The "contrary to" and "unreasonable application" clauses of section 2254(d)(1) have independent meaning. *Williams*, 529 U.S. at 405-06. First, a state court decision is "contrary to" clearly established federal law if the state court (1) "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law" or (2) "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent" and reaches an opposite result. *Id.* at 405; *McMullen v. Tennis*, 562 F.3d 231, 236 (3d Cir. 2009). In *Williams*, the Court provided an example of a state court decision that was "contrary to" clearly established federal law. If a state court were to reject a claim of ineffective assistance of counsel because the petitioner failed to show by a preponderance that the result of his proceeding would have been different, such a decision would be contrary to clearly established federal law because the Court stated in *Strickland* that, in determining prejudice, the petitioner need only establish a reasonable probability that the result of the proceeding would have been different. *Williams*, 529 U.S. at

2

406. Thus, a state court's failure to apply a prejudice standard established by the Supreme Court renders the state court decision "contrary to" clearly established federal law.

Second, a state court's decision is an "unreasonable application" of federal law if the state court "unreasonably applies the correct legal rule to the particular facts, unreasonably extends a legal principle to a new context, or unreasonably refuses to extend the principle to a new context where it should apply." *Breakiron v. Horn*, 642 F.3d 126, 131 (3d Cir. 2011) (quotation omitted). If the state court identifies the correct governing legal rule from the Supreme Court but unreasonably applies it to the facts of petitioner's case, such a decision would constitute an unreasonable application of clearly established federal law. *Williams*, 529 U.S. at 407. A state court determination may constitute an unreasonable application even if the Supreme Court has not yet addressed the identical legal issue or fact pattern. *Jamison v. Klem*, 544 F.3d 266, 274 (3d Cir. 2008). Nevertheless, "[t]he unreasonable application test is an objective one -- a federal court may not grant habeas relief merely because it concludes that the state court applied federal law erroneously or incorrectly." *Jacobs v. Horn*, 395 F.3d 92, 100 (3d Cir. 2005) (internal citations omitted).

**II.     Clearly Established Federal Law on the Right to Self-Representation**

The United States Supreme Court has clearly established that a defendant has a Sixth Amendment right to self-representation. *Faretta v. California,* 422 U.S. 806 (1975). In *McKaskle v. Wiggins*, 45 U.S. 168, 183-84 (1984), the Supreme Court determined that the mere appointment of standby counsel does not in and of itself violate the right to self-representation, as standby counsel can help explain basic rules of courtroom protocol and steer the defendant through the basic procedures of trial. However, the Court specifically stated a defendant's right

to self-representation "plainly encompasses certain specific rights to have his voice heard" and the "pro se defendant must be allowed … to make motions, to argue points of law, *to participate in voir dire*, to question witnesses, and to address the court and the jury at appropriate points in the trial." *McKaskle*, 45 U.S. at 174 (emphasis added). As the quoted language shows, the Supreme Court specifically recognized a pro se defendant's right to have his voice heard during voir dire. The Court also noted that the right to self-representation includes "[a]ppearing before the jury in the status of one who is defending himself" and that standby counsel cannot interfere with the defendant speaking for himself before the jury. *McKaskle*, 45 U.S. at 179. With regards to proceedings outside the presence of the jury, a pro se defendant must be permitted to address the court freely on his own behalf. *McKaskle*, 45 U.S. at 179. Importantly, the Court established that the denial of the right to self-representation is not subject to harmless error analysis. *McKaskle*, 45 U.S. at 177 n.8 (the denial of the right to self-representation "is not amenable to 'harmless error' analysis. The right is either respected or denied; its deprivation cannot be harmless").

Circuit court precedents do not suffice to clearly establish a federal rule, but they are relevant to the extent they are useful in deciding whether the law has been clearly established. *See, e.g., Marshall v. Rodgers*, 599 U.S. 58, 64 (2013) ("an appellate panel may, in accordance with its usual law-of-the-circuit procedures, look to circuit precedent to ascertain whether it has already held that the particular point in issue is clearly established by Supreme Court precedent'). Circuit court precedents demonstrate that, prior to December 2008, the law of *Faretta* and *McKaskle* had been clearly established in at least two respects: first, that the appointment of standby counsel must not interfere with a defendant's right to self-representation

4

and second, that the violation of a defendant's right to self-representation is not subject to harmless error review. *See Buhl v. Cooksey*, 233 F.3d 783, 808 (3d Cir. 2000) (habeas relief warranted despite "overwhelming evidence" against the defendant because denial of right to self-representation constituted structural error that is not subject to harmless error analysis); *United States v. McDermott*, 64 F.3d 1448, 1453-54 (10th Cir. 1995) (pro se defendant's *Faretta* rights were violated when defendant, but not standby counsel, was excluded from bench conferences and ordering a new trial because harmless error analysis does not apply).

**III.   The State Court's Decision**

On December 23, 2008, the Pennsylvania Superior Court issued a decision on Mr. Nunez's claim. The Superior Court described Mr. Nunez's claim as "Appellant contends that the trial court erred by permitted stand-by counsel to interview a juror during trial without Appellant present since Appellant had elected to act as his own trial counsel." 12/23/08 Op. at 5. In its consideration of Mr. Nunez's claim, the Superior Court recognized two separate rights: the defendant's right to be present during every stage of his criminal case and the defendant's constitutional right to be proceed without counsel if the decision is knowing and voluntary. *Id.* at 7. In recognizing the defendant's right to represent himself, the Superior Court cited to the United States Supreme Court's decision of *Faretta v. California*, 422 U.S. 806 (1975). *Id.* at 7. After recognizing these two constitutional rights, the Superior Court determined that Mr. Nunez had made a knowing, voluntary and intelligent choice to assert and exercise his right of self-representation. *Id.* at 9. The Superior Court also found that the questioning of the juror constituted a critical stage of trial and that the trial court erred by violating Mr. Nunez's right to be present during a critical stage of his trial. *Id.* at 10, 13.

5

Having found that error occurred, the Superior Court then proceeded with a prejudice analysis. In conducting this analysis, the Superior Court analyzed Mr. Nunez' claim solely as a violation of his right to be present rather than a violation of his right to be present *as a pro se defendant*, in other words, his right to self-representation. In its prejudice analysis, the Superior Court applied a harmless error analysis. 12/23/08 Op. at 13-16. Because standby counsel was present for the voir dire of the juror, Mr. Nunez was not denied the right to counsel. *Id.* at 14. The Superior Court specifically noted that while Mr. Nunez chose to represent himself, he did not object to the appointment of standby counsel and sought standby counsel's advice throughout trial. *Id.* at 15. Therefore, the Superior Court rejected a finding of prejudice per se and proceeded to apply harmless error review. *Id.* The Superior Court found that the error was harmless because standby counsel was present during the voir dire, standby counsel was permitted to question the juror, and the trial court found that the juror was able to judge the case based on the evidence and the law and not on the anonymous phone call. *Id.* at 16.

## IV.   The State Court's Decision was Contrary to Clearly Established Federal Law

As Mr. Nunez argued in his Memorandum of Law in Support of Claim One, the state court decision on his claim that his right to self-representation was violated was contrary to clearly established federal law. ECF No. 42 at 6-9. Mr. Nunez respectfully incorporates that argument herein. In sum, the state court's application of harmless error review was contrary to clearly established federal law that a violation of the right to self-representation is a structural error and is not subject to harmless error review. *Id.* In *Williams*, the Supreme Court recognized that if a state court were to apply a different prejudice standard than that required by Supreme Court precedents, the state court's decision would be contrary to clearly established federal law.

6

*Williams*, 529 U.S. at 406 (providing as an example a state court's application of a more stringent standard for prejudice in ineffective assistance of counsel claims than that required under *Strickland*). Here, after recognizing that Mr. Nunez's rights had been violated, the Pennsylvania Superior Court applied harmless error review to the violation of Mr. Nunez's right to self-representation when United States Supreme Court precedent held that such error constituted structural error. Thus, under *Williams*, the state court decision was contrary to clearly established federal law. *See*, *also*, *Frantz v. Hazey*, 533 F.3d 724, 737 (9th Cir. 2008) (*en banc*) (in reviewing a claim that a pro se defendant's right to self-representation was violated in being excluded from bench conferences, finding a state court's decision was contrary to federal law where the state court applied harmless error, instead of structural error, review).

### V. The State Court's Decision was an Unreasonable Application of Clearly Established Federal Law

The state court's decision was also an unreasonable application of clearly established federal law. The meaning of an "unreasonable application" is briefly explained above, but further discussion is warranted here. The Third Circuit has stated that an "unreasonable application" of clearly established Supreme Court precedent encompasses three distinct scenarios: "(1) the state court extends Supreme Court precedent to cover a new factual context in which application of the precedent is unreasonable; (2) the state court unreasonably fails to apply a precedent in a factual context that warrants its application; or (3) the state court applies the correct precedent, but unreasonably in light of the facts of the case before it." *Jamison v. Klem*, 544 F.3d 266, 275 (3d Cir. 2008) (citing *Matteo v. Superintendent SCI Albion*, 171 F.3d 877, 887 (3d Cir. 1999)).

In *Jamison*, the Court found that the state court unreasonably failed to apply a federal precedent in a factual context that warranted its application and therefore unreasonably applied

7

clearly established Supreme Court precedent. *Jamison*, 544 F.3d at 275. The defendant in *Jamison* had not been informed of the applicable mandatory minimum sentence prior to pleading guilty. *Id.* at 268. Nonetheless, the state court determined that defendant's guilty plea was knowing, voluntary and intelligent because he had been informed of the statutory maximum and he was sentenced to a term less than the statutory maximum. *Id.* at 270. Under Supreme Court precedent, *Boykin v. Alabama*, 395 U.S. 238 (1969), courts cannot accept a guilty plea without first determining, on the record, that the guilty plea was a knowing and intelligent act done with sufficient awareness of the relevant circumstances and possible consequences. *Jamison*, 544 F.3d at 272. Even though *Boykin* did not address whether a defendant had to be advised of a mandatory minimum sentence, *Boykin* and its progeny did state that the trial court should "'satisfy itself that the defendant understands … the permissible range of sentences'" and a defendant "'must be informed of the consequences of his plea.'" *Jamison*, 544 F.3d at 272-73 (quoting *Boykin*, 395 U.S. at 244, n.7, and *Henderson v. Morgan*, 426 U.S. 637, 650 (1976) (White, J., concurring)). After discussing *Boykin* and its progeny, the Third Circuit held that the state court's determination that defendant's guilty plea was knowing and intelligent was an unreasonable application of *Boykin*.

Similarly, in Mr. Nunez's cases, the state court unreasonably failed to apply *Faretta* and *McKaskle* in a factual context that warrants their application. The factual context of Mr. Nunez's case is as follows. Mr. Nunez knowingly and voluntarily exercised his right to represent himself. NT 11/9/05 at 30; 12/23/08 Op. at 9. After Mr. Nunez had exercised his right of self-representation, there was a voir dire of a potentially tainted juror in which standby counsel was present and Mr. Nunez was not present. NT 11/14/05 at 4-9. It is undisputed that Mr. Nunez was

8

not present for this voir dire. Because Mr. Nunez was not present for this voir dire, the juror was not questioned by Mr. Nunez, but by standby counsel. Standby counsel, and not Mr. Nunez, decided whether or not to move for the removal of this particular juror. Mr. Nunez was never provided the opportunity to present any argument about the suitability of this juror. Importantly, the entire voir dire of the juror occurred prior to the arrival of Mr. Nunez on that day. NT 11/14/05 at 9 (trial court noted "We're just waiting for Mr. Nunez to get here."). Thus, standby counsel had no opportunity to consult with Mr. Nunez prior to the voir dire, nor did Mr. Nunez have the opportunity to object or consent to his own absence and the representation by standby counsel for purposes of the voir dire.[1]

    The state court unreasonably failed to apply *Faretta* and its progeny *McKaskle* to the facts of Mr. Nunez's case in multiple respects. First, in *McKaskle*, the Supreme Court specifically stated that a pro se defendant has the right "to participate in voir dire." *McKaskle*, 45 U.S. at 174. Here, Mr. Nunez was not permitted to participate in the voir dire of the potentially tainted juror. Second, the Supreme Court also explained that a pro se defendant has the right to "[a]ppear[]before the jury in the status of one who is defending himself" and that standby counsel cannot interfere with the defendant speaking for himself before the jury. *McKaskle*, 45 U.S. at 179. Here, because standby counsel was permitted to question this particular juror without the presence of Mr. Nunez, it would not have appeared to this particular juror that Mr. Nunez was representing himself or speaking for himself in this proceeding. And finally, the

---

[1]    Because it was "clear from the transcript that [Mr. Nunez] was acting pro se and did not participate in the questioning of the juror," the state court refused to find that Mr. Nunez had waived his right to be present and speak for himself at the voir dire simply because he did not object after the fact. 12/23/08 Op. at 6, n.4.

Supreme Court also stated that in proceedings outside the presence of the jury, a pro se defendant must be permitted to address the court freely on his own behalf. *McKaskle*, 45 U.S. at 179. Here, Mr. Nunez was not permitted to address the trial court freely on his own behalf about the suitability of the juror because the entire voir dire and the determination about the suitability of the juror was completed prior to Mr. Nunez arriving to the courtroom. Under *Faretta* and *McKaskle*, Mr. Nunez's right to self-representation was violated.

      The state court correctly determined that the trial court erred in excluding Mr. Nunez from the voir dire. But then, instead of applying *Faretta* and *McKaskle*, the state court evaluated the error as a right to be present or a right to counsel and applied harmless error review rather than treating the error as structural error as required by *McKaskle*. This constituted an unreasonable failure to apply a Supreme Court precedent, *McKaskle*, in a factual context that warranted its application, *Jamison*, 544 F.3d at 275, and thus an unreasonable application of clearly established federal law.

## VI. Conclusion

For the reasons set forth above and in the Amended Habeas Petition, ECF No. 22, and in the previously filed Memorandum of Law in Support of Claim One, ECF No. 42, the petition for writ of habeas corpus should be granted on the basis of Claim One.

Respectfully submitted,

DATE:  May 9, 2023                         */s/ Susan M. Lin*
                                              Susan M. Lin
                                              I.D. No. 94184
                                              KAIRYS, RUDOVSKY, MESSING,
                                              FEINBERG & LIN
                                              The Cast Iron Building
                                              718 Arch Street, Suite 501 South
                                              Philadelphia, PA  19106
                                              (215) 925-4400
                                              (215) 925-5365 (fax)

                                              *Counsel for Fernando Nunez*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 9, 2023, the foregoing Petitioner's Supplemental Memorandum of Law in Support of Claim One was filed via the Court's CM/ECF system, is available for viewing and downloading, and, as such, was served upon the below counsel:

> David Napiorski, Esq.
> Philadelphia District Attorney's Office
> 3 South Penn Square
> Philadelphia, PA 19107
> David.Napiorski@phila.gov

> */s/ Susan M. Lin*
> Susan M. Lin