IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FERNANDO NUNEZ | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 14-2192 |
| | : | |
| SUPERINTENDENT BERNADETTE MASON, ACTING SECRETARY OF THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS GEORGE LITTLE, PENNSYLVANIA STATE ATTORNEY GENERAL JOSHUA SHAPIRO | : : : : : : : | |

## MEMORANDUM

KEARNEY, J.                                                                                              May 17, 2023

We today grant habeas relief for a man convicted by a state court jury and sentenced to life in prison for murder. The prosecutor agrees the man is entitled to relief from this conviction mindful the man is serving a separate life sentence for murdering another person as well. We scrutinize an attempt to vacate a jury's finding of murder leading to a life sentence through a habeas petition. We directed the prosecutor prove proper notice of this requested relief and its concession to the victim's family. He has done so. He is directed to continue to do so.

We separately conclude there is merit in an uncontested habeas claim. The trial judge violated the man's Sixth Amendment right to self-representation when she conducted a mid-trial voir dire of an allegedly tainted juror without the accused present in her Chambers even though the judge allowed him to represent himself. The Pennsylvania Superior Court found this voir dire violated the man's constitutional rights. But the Superior Court then applied a harmless error analysis to this structural error and found the overwhelming evidence of guilt required affirming the verdict notwithstanding the constitutional error. The Superior Court's harmless error analysis is contrary to well established federal law. We grant the man's uncontested habeas claim directing the Commonwealth either timely dismiss the charges or retry the man.

I.  **Background**

Russell Chrupalyk hired Fernando Nunez and Anthony Medina to kill Mr. Chrupalyk's business partner Christopher Jastrzebski.[1] The Philadelphia Police charged Mr. Nunez, Mr. Chrupalyk, and Mr. Medina in December 2003 with first-degree murder, criminal conspiracy, and possession of an instrument of crime for the May 13, 2001 killing.[2] The state court trial judge deemed Mr. Nunez's first trial a mistrial and later severed Mr. Nunez's second trial from Mr. Chrupalyk's and Mr. Medina's trials.[3]

Mr. Nunez moved for substitute counsel before selecting the jury in the second trial.[4] Mr. Nunez attempted to remove Attorney James Bruno because he had only met with Mr. Nunez on one occasion and Mr. Nunez felt Attorney Bruno could not effectively represent him.[5] The trial judge denied his motion for substitute counsel.[6]

Mr. Nunez then moved to represent himself after jury selection but before the trial judge swore in the jury panel.[7] The judge completed the colloquy, determined Mr. Nunez's decision to represent himself knowing, intelligent, and voluntary, and appointed Attorney Bruno as standby counsel.[8]

A juror reported on day three of trial an anonymous and threatening voicemail potentially related to Mr. Nunez's case and notified the Philadelphia Police.[9] The trial judge questioned the juror in her Chambers about his ability to continue to be fair and impartial in the case.[10] The judge's questioning of the juror happened in the presence of only the prosecutor and Mr. Nunez's standby counsel Attorney Bruno.[11] The state had not yet delivered Mr. Nunez from the courthouse holding cell to the courtroom.[12] Mr. Nunez did not hear or participate in the voir dire of the potentially tainted juror.[13] The trial judge found the juror could be fair and proceeded with trial once Mr. Nunez arrived.[14]

The jury found Mr. Nunez guilty of first-degree murder, criminal conspiracy, and possession of an instrument of crime.[15] The judge sentenced Mr. Nunez to the mandatory sentence of life imprisonment on the first-degree murder conviction.[16]

### *Mr. Nunez appeals his conviction.*

Mr. Nunez appealed his conviction challenging, in addition to other claims, the trial judge's questioning of the potentially tainted juror outside his presence while he proceeded pro se.[17] Mr. Nunez argued this *ex parte* questioning violated his Sixth Amendment right to represent himself at all critical stages of a criminal proceeding.[18] The trial judge defended her decision concluding the "matter affecting the juror did not involve a critical stage of trial, and it therefore was appropriate for stand-by counsel to 'stand in' for [Mr. Nunez], who had not yet arrived at the courtroom." [19]

The Pennsylvania Superior Court disagreed with the trial court's December 21, 2007 conclusion. The Superior Court agreed with Mr. Nunez voir dire is a critical stage of the trial warranting Mr. Nunez's presence and found the trial court violated his constitutional rights.[20] But the Superior Court then applied a harmless error analysis to the constitutional violation and found no "complete denial of counsel" "because standby counsel was present."[21] The Superior Court ultimately affirmed Mr. Nunez's judgment of sentence because the trial court's "error in conducting voir dire outside of [Mr. Nunez's] presence constituted harmless error."[22] The Pennsylvania Supreme Court denied review on July 27, 2009.[23]

Mr. Nunez petitioned for relief under the Pennsylvania Post Conviction Relief Act on February 12, 2010.[24] Mr. Nunez argued ineffective assistance of his direct appeal counsel for framing his voir dire claim as a right to be present as opposed to the right to represent himself.[25] The Pennsylvania Superior Court denied an appeal from the petition's denial concluding the

direct appeal claim encompassed both Mr. Nunez's right to be present during critical stages of his criminal trial and his right to self-representation.[26] The Superior Court affirmed the trial court's harmless error analysis when dismissing Mr. Nunez's direct appeal.[27]

*Mr. Nunez petitions for federal habeas relief.*

Mr. Nunez petitioned for federal habeas relief on April 14, 2014.[28] Judge Jones referred Mr. Nunez's petition to Judge Hart for a Report and Recommendation.[29] Judge Jones adopted Judge Hart's June 2, 2014 Report and Recommendation and stayed Mr. Nunez's case until the conclusion of his state court proceedings.[30] Judge Jones appointed the Federal Community Defender Office on February 2, 2017.[31] Judge Jones vacated the appointment and appointed private counsel on February 13, 2017.[32] Judge Jones lifted the stay on March 13, 2017 and granted Mr. Nunez leave to file an amended habeas petition and supporting memorandum of law or seek renewal of the stay to exhaust additional claims in state court.[33] Mr. Nunez filed an amended petition for federal habeas relief on October 10, 2017.[34] Judge Jones granted Mr. Nunez's Motion to stay and abey his petition during the pendency of state court post-conviction proceedings.[35]

Chief Judge Sanchez reassigned Mr. Nunez's petition to us on July 21, 2022.[36] We granted Mr. Nunez leave to file a memorandum in support of his pending petition.[37] Mr. Nunez submitted a counseled memorandum supporting Claim One (violation of constitutional right to self-representation) of his Petition on January 13, 2023.[38] Mr. Nunez also moved unopposed to defer litigation on Claims Four, Five, Six, and Seven because they have not been exhausted in state court.[39] We granted Mr. Nunez's motion to defer litigation on Claims Four through Seven.[40]

The Commonwealth responded to Mr. Nunez's Claim One by conceding Mr. Nunez is entitled to habeas relief on his Sixth Amendment right to self-representation claim.[41] We ordered

4

Mr. Nunez to submit supplemental briefing on whether the Pennsylvania Superior Court's harmless error review involved an unreasonable application of—or contrary to—clearly established federal law and whether notice from the District Attorney complied with the federal Crime Victims' Rights Act and Pennsylvania Crime Victims Rights Act.[42]

Mr. Nunez is also serving an unrelated life sentence for his role in the September 2002 murder of Brian Scott.[43] A jury convicted Mr. Nunez of first-degree murder, arson, possession of an instrument of crime, and criminal conspiracy. The state trial judge sentenced Mr. Nunez to life imprisonment for murder and a consecutive sentence of ten to twenty years imprisonment for arson. Mr. Nunez appealed this conviction directly and petitioned under Pennsylvania's Post-Conviction Relief Act to no avail.[44] Our grant of habeas relief today does not affect the sentence for the Brian Scott murder and arson nor should it be read as a basis for modification of the life sentence in the separate trial.[45]

## II. Analysis

Mr. Nunez seeks federal habeas relief claiming the state courts violated his Sixth Amendment right to self-representation when the trial judge questioned a potentially tainted juror outside his presence.[46] He argues the Pennsylvania Superior Court correctly found the trial court violated his Sixth Amendment right but improperly applied a harmless error analysis instead of structural error analysis.[47] Mr. Nunez argues harmless error review to a Sixth Amendment right to self-representation violation is contrary to established federal law warranting habeas relief.[48]

The Commonwealth agrees Mr. Nunez is entitled to habeas relief on Claim One.[49] The Commonwealth similarly contends the trial judge violated Mr. Nunez's Sixth Amendment right to self-representation when she conducted voir dire of a potentially tainted juror outside his

5

presence.[50] The Commonwealth agrees the Superior Court misapplied harmless error analysis contrary to established federal law after finding a Sixth Amendment violation occurred.[51]

Our habeas review is governed by the Anti-Terrorism and Effective Death Penalty Act.[52] If a claim has been adjudicated on the merits by the state court, a federal court may only grant relief if the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States . . . ."[53] We find the Pennsylvania Superior Court erred when it applied a harmless error analysis after finding the trial judge's voir dire process violated Mr. Nunez's Sixth Amendment right to self-representation. Mr. Nunez is entitled to habeas relief on Claim One. We also find the District Attorney satisfied the federal Crime Victims' Act and Pennsylvania Crime Victims Act to date and remind the District Attorney of his continuing obligations to advise the victim's family of today's Order and Memorandum and all future steps in the state court.

A. **The Superior Court applied harmless error analysis contrary to established federal law.**

The Superior Court erred when it applied a harmless error analysis to Mr. Nunez's violation of his Sixth Amendment right to represent himself.

The Supreme Court clearly established in *Faretta v. California* a criminal defendant has a Sixth Amendment right to self-representation.[54] The Supreme Court instructed the Sixth Amendment "necessarily implies the right of self-representation."[55] The waiver of counsel and the criminal defendant's election to represent himself must be knowing and intelligent.[56] The Supreme Court elaborated in *McKaskle v. Wiggins* the right to self-representation "plainly encompasses certain specific rights to have his voice heard" and the "pro se defendant must be allowed to make motions, to argue points of law, to participate in voir dire, and to address the

6

court and the jury at appropriate points in the trial."[57] The Supreme Court further established in *McKaskle* deprivation of the right to self-representation is "not amenable to 'harmless error' analysis."[58] The Supreme Court concluded "[t]he right is either respected or denied; its deprivation cannot be harmless."[59]

We also look to our and sister Courts of Appeals to guide our analysis of whether a federal rule of law has been established.[60] Our Court of Appeals in *Buhl v. Cooksey* reversed a denial of habeas relief despite "overwhelming evidence" of guilt because the denial of the right to self-representation constituted structural error and is not subject to harmless error analysis.[61] The Court of Appeals for the Ninth Circuit in *Frantz v. Hazey* reversed a denial of habeas relief after considering prejudice when the Arizona Court of Appeals "applie[d] a rule that contradicts the governing law set forth in [Supreme Court] cases."[62] The Court of Appeals for the Ninth Circuit elaborated "Supreme Court case law establishes unequivocally that a violation of the right to self-representation . . . is structural and thus is not susceptible to harmless error review" and "the § 2254(d)(1) standard for the grant of habeas relief is satisfied."[63] The Court of Appeals for the Fifth Circuit in *Batchelor v. Cain* affirmed a grant of habeas relief and instructed "the denial of the right to self-representation constitutes a structural error that is not subject to harmless error review and instead requires automatic reversal."[64] We conclude the Supreme Court has clearly established a violation of the right to self-representation is a structural error and not subject to harmless error review.[65]

We recognize the separate constitutional rights of the right to be present and the right to self-representation and the applicable prejudice analysis for each violation. Our Court of Appeals analyzed in *United States v. Ottaviano* a criminal defendant's "right to be present 'at any stage of the criminal proceedings that is critical to the outcome'" under a harmless error analysis.[66] But

7

our Court of Appeals acknowledged a "defendant's right to represent himself is structural and not amenable to harmless error analysis—it is either respected or denied."[67]

Mr. Nunez unequivocally asserted his Sixth Amendment right to represent himself.[68] The trial judge found through the proper colloquy Mr. Nunez voluntarily, knowingly, and intelligently waived his right to counsel and chose to proceed pro se with Attorney Bruno as standby counsel.[69] On appeal, the Pennsylvania Superior Court agreed Mr. Nunez unambiguously represented himself at trial.[70] But the Superior Court disagreed with the trial court by finding the questioning of the potentially tainted juror did not constitute a critical stage of the criminal proceeding.[71] The Superior Court concluded "the trial court committed error by violating [Mr. Nunez's] right to be present during a critical stage of his trial."[72] The Superior Court correctly determined the trial court erred in excluding Mr. Nunez from the voir dire of the potentially tainted juror.

The Superior Court clarified on Mr. Nunez's post-conviction relief appeal it denied both a right to be present and right to self-representation claim and applied a harmless error analysis to each.[73] Mr. Nunez only presents a challenge to the Pennsylvania Superior Court's application of harmless error analysis to the right to self-representation claim. He does not petition for our review of the right to be present claim.[74]

We find the Superior Court's application of harmless error analysis after finding Mr. Nunez's Sixth Amendment right to self-representation is contrary to clearly established federal law. The Supreme Court, our Court of Appeals, and sister courts of appeals established a violation of the Sixth Amendment right to self-representation as recognized in *Faretta* and *McKaskle* is a structural error and not amenable to harmless error analysis.[75]

The Superior Court's analysis should have ended upon the finding of a Sixth Amendment self-representation violation. The fact the prosecution had "overwhelming evidence" of Mr. Nunez's guilt is irrelevant.[76] We grant Mr. Nunez habeas relief on Claim One.[77] The Commonwealth shall grant Mr. Nunez a new trial or dismiss these charges within 180 days.[78]

### B. The District Attorney complied with the federal and Pennsylvania Crime Victims Act.

The District Attorney must comply with the federal and Pennsylvania Crime Victims Act during a court proceeding "involving an offense against a crime victim."[79] The victims' rights preserved by Congress "apply to § 2254 habeas proceedings."[80] The federal Crime Victims' Act requires in a habeas proceeding crime victims may not be excluded from public court proceedings, they have a right to be reasonably heard, they have a right to proceedings free from unreasonable delay, and they have a right to be treated with fairness and with respect for the victim's dignity and privacy.[81] The Pennsylvania Crime Victims Act requires a prosecutor notify the victims of the opportunity to offer prior comment on sentencing and dispositional proceedings.[82] The Crime Victims Acts give victims a voice, not a veto.[83]

We raised a concern with the notice in our April 6, 2023 Order.[84] The District Attorney now confirms compliance with both victims' rights acts.[85] The District Attorney provided notice of the pending habeas petition, the District Attorney's position, and victim rights to the victim's sister under our April 6, 2023 Order.[86] The District Attorney swears the victim's sister understands the nature of the proceedings although she is "not happy about the idea of relief being granted in this case."[87] But she is "satisfied Mr. Nunez will not be released and will remain incarcerated on his other life sentence."[88] She does not wish to submit a position statement to the District Attorney or us at this time, but wishes to be kept apprised of dates moving forward.[89] We

appreciate the victim's sister's position on the pending habeas petition and the District Attorney's continued compliance with both the federal and Pennsylvania Crime Victims Acts.

### III. Conclusion

We grant Mr. Nunez habeas relief on Claim One after finding the Pennsylvania Superior Court applied a harmless error analysis to a Sixth Amendment right to self-representation claim contrary to clearly established federal law. The Commonwealth shall dismiss these charges and vacate Mr. Nunez's conviction and sentence for the murder of Christopher Jastrzebski or retry Mr. Nunez on these charges within 180 days.

---

[1] ECF Doc. No. 42 at 2.

[2] *Id.*

[3] *Id.*

[4] *Id.*

[5] *Id.* at 2–3.

[6] *Id.* at 3.

[7] *Id.*

[8] *Id.*

[9] *Id. See also* ECF Doc. No. 51 at 9.

[10] ECF Doc. No. 42.

[11] *Id.* at 4.

[12] *Id.*

[13] *Id.*

[14] *Id.*

[15] *Id.*

---

[16] *Id. See also id.* at 4, n.5 ("The life sentence on the first-degree murder conviction was imposed concurrently to a sentence of five to ten years for the conspiracy conviction and concurrently to a sentence of two-and-a-half to five years on the possession of an instrument of crime conviction. NT 11/16/05 at 55. The sentence in this matter was imposed consecutively to another life sentence already imposed on [Mr. Nunez] in a separate murder case, *Commonwealth v. Nunez*, Philadelphia Court of Common Pleas No. CP-51-CR-205251-2003. There is currently a successive state Post Conviction Relief Act petition pending in that separate case in the Philadelphia Court of Common Pleas.")

[17] *Com. v. Nunez*, 903 EDA 2007 (C.C.P. Phila. Dec. 21, 2007).

[18] *Id.* at 7.

[19] *Com. v. Nunez*, 903 EDA 2007 at 10 (Pa. Super. Ct. 2008); *see also Com. v. Nunez*, 903 EDA 207 (C.C.P. Phila. Dec. 21, 2007).

[20] *Com. v. Nunez*, 903 EDA 2007 at 13 (Pa. Super. Ct. 2008).

[21] *Id.* at 15.

[22] *Id.* at 16. The Pennsylvania Superior Court stated the harmless error analysis is "further bolstered by the overwhelming evidence of guilt presented at trial." *Id.* at 17, n.6.

[23] *Com. v. Nunez*, 981 A.2d 218 (Pa.) (Table).

[24] 42 Pa. C.S. § 9541–46.

[25] *See* ECF Doc. No. 51 at 11.

[26] *Com. v. Nunez*, 199 EDA 2012, 2014 WL 10988236, at *6 (Pa. Super. Ct. Jan. 14, 2014).

[27] *Id.* at *6–*7.

[28] ECF Doc. No. 1.

[29] ECF Doc. No. 2.

[30] ECF Doc. Nos. 5, 6.

[31] ECF Doc. No. 10.

[32] ECF Doc. No. 11.

³³ ECF Doc. No. 15. Judge Jones granted multiple extensions to file an amended habeas petition. *See* ECF Doc. Nos. 15, 18, 21.

³⁴ ECF Doc. No. 22. Mr. Nunez presented seven claims for habeas relief: 1) violation of constitutional right to self-representation; 2) invalid waiver of counsel; 3) ineffective assistance counsel; 4) unconstitutional life sentence without parole under *Miller v. Alabama*, 567 U.S. 460 (2012); 5) violation of due process for failure to disclose impeachment material of a witness; 6) violation of due process under *Brady v. Maryland*, 373 U.S. 83 (1963); and 7) violation of due process when the prosecution elicited false testimony from a witness. Mr. Nunez exhausted Claims One, Two, and Three in state court by October 10, 2017. Only Claims One, Two, and Three are exhausted as of today.

³⁵ ECF Doc. Nos. 23, 24.

³⁶ ECF Doc. No. 30.

³⁷ ECF Doc. Nos. 31–33. We first ordered the memorandum in support of Mr. Nunez's petition be filed by September 9, 2022. ECF Doc. No. 33. We found good cause to extend Mr. Nunez's time to file his memorandum to January 13, 2023, and the responsive memoranda due February 13, 2023. ECF Doc. No 37. We granted two last minute extensions for the Commonwealth to respond to Mr. Nunez's January 13, 2023 memorandum.

³⁸ ECF Doc. No. 42. *See also* ECF Doc. No. 43 ¶ 16 ("If the Court deems that relief is due on Claim One, then Mr. Nunez may be in a position to withdraw all of his remaining claims, both in the federal habeas proceedings and in his state court PCRA proceedings."). Both Mr. Nunez and the Commonwealth agree "[i]t is potentially more efficient for both the state and federal courts to fully litigate Claim One at this time while waiting resolution of the state court proceedings on Claims Four through Seven." *Id.* ¶ 17.

³⁹ ECF Doc. No. 43.

⁴⁰ ECF Doc. No. 44.

⁴¹ ECF Doc. No. 51. The Commonwealth also notes Mr. Nunez is serving a second life sentence unrelated to this case which is not affected by our granting of habeas relief. *Id.* at 1, n.1. *See Com. v. Nunez*, CP-51-CR-0205251-2003.

⁴² ECF Doc. Nos. 52, 56, 57.

⁴³ *See Com. v. Nunez*, CP-51-CR-0205251-2003.

⁴⁴ *Com. v. Nunez*, 832 EDA 2017, 2018 WL 6176663, at *1 (Pa. Super. Ct. Nov. 27, 2018).

⁴⁵ *See* ECF Doc. No. 51 at 1, n.1.

⁴⁶ ECF Doc. No. 42 at 6–9.

---

[47] *Id.*

[48] *Id. See also* ECF Doc. No. 56.

[49] ECF Doc. Nos. 51, 57.

[50] *Id.*

[51] *Id.*

[52] 28 U.S.C. § 2254.

[53] *Id.* at § 2254(d).

[54] *Faretta v. California*, 422 U.S. 806 (1975).

[55] *Id.* at 832.

[56] *Id.* at 835.

[57] *McKaskle v. Wiggins*, 45 U.S. 168, 174 (1984).

[58] *Id.* at 177, n.8.

[59] *Id.*

[60] *Marshall v. Rodgers*, 569 U.S. 58, 64 (2013) ("[A]n appellate panel may, in accordance with its usual law-of-the-circuit procedures, look to circuit precedent to ascertain whether it has already held that the particular point in issue is clearly established by Supreme Court precedent.").

[61] *Buhl v. Cooksey*, 233 F.3d 783, 806 (3d Cir. 2000).

[62] *Frantz v. Hazey*, 533 F.3d 724, 735 (9th Cir. 2008) (*en banc*).

[63] *Id.* at 734–35 (citing *Faretta*, 422 U.S. 806 and *McKaskle*, 465 U.S. at 177). *See generally United States v. Gonzalez–Lopez*, 548 U.S. 140 (2006) (surveying constitutional errors characterized as structural and not subject to harmless error analysis).

[64] *Batchelor v. Cain*, 682 F.3d 400, 405 (5th Cir. 2012).

[65] *See e.g., Torres v. Uttecht*, 545 F.Supp.2d 1141, 1145 (W.D. Wash. 2008) (granting habeas relief when the Washington Court of Appeals treated the *Faretta* error as a trial error, not as a structural error, and applied a "harmless error" standard to resolve the matter). Judge Martinez

---

held "the state court's decision [to apply a harmless error analysis to a Sixth Amendment self-representation claim] was contrary to clearly established Supreme Court precedent because it contradicted the law set forth in *McKaskle.*" *Id.* (citing 28 U.S.C. § 2254(d)(1)).

[66] *United States v. Ottaviano*, 738 F.3d 586, 598–99 (3d Cir. 2013).

[67] *Id.* at 598.

[68] ECF Doc. No. 42. *See Com. v. Nunez*, 903 EDA 2007 at 10 (Pa. Super. Ct. 2008) ("Appellant unequivocally exercised his right of self-representation and asserted no right to engage in hybrid representation.").

[69] ECF Doc. No. 51 at 3–8.

[70] *See Com. v. Nunez*, 903 EDA 2007 at 9–10.

[71] *Id.* at 10.

[72] *Id.* at 13.

[73] *Com. v. Nunez*, 2014 WL 10988236, at *6–7.

[74] ECF Doc. No. 57 at 6.

[75] *See Faretta*, 422 U.S. 806; *McKaskle*, 45 U.S. 168.

[76] *Com. v. Nunez*, 903 EDA 2007 at 17, n.6.

[77] We defer issuing or denying a certificate of appealability on Petitioner's Claims Two through Seven as they may be moot upon granting habeas relief on Claim One. Counsel has been ordered to inform us on whether they are withdrawing the remaining claims. *See* ECF Doc. No. 43 ¶ 17.

[78] We recognize Mr. Nunez will not be released from state custody because he is serving another life sentence unrelated to the conviction addressed in the Petition. *See Com. v. Nunez*, CP-51-CR-0205251-2003.

[79] 18 U.S.C. § 3771; 18 P.S. § 11.101, *et seq.*

[80] *Wharton v. Vaughn*, No. 01-6049, 2020 WL 733107, at *7 (E.D. Pa. Feb. 12, 2020).

[81] 18 U.S.C. § 3771(a).

[82] 18 P.S. §11.213(c)–(e).

---

[83] *Rodgers v. Trate*, No. 19-207, 2020 WL 1308181, at *1 (W.D. Pa. Mar. 19, 2020) ("This right to be heard, however, "does not give the victims of crime veto power over any prosecutorial decision, strategy or tactic regarding bail, release, plea, sentencing or parole.") (citing *United States v. Rubin*, 558 F. Supp. 2d. 411, 424 (E.D.N.Y. 2008) (citing *In re W.R. Huff Asset Management Co., LLC*, 409 F.3d 555, 564 (2d Cir. 2005)).

[84] ECF Doc. No. 52.

[85] ECF Doc. No. 57 at 9–11.

[86] *See* ECF Doc. No. 52. Mr. Jastrzebski's sister is his only living next-of-kin. *See also* ECF Doc. Nos. 53, 54.

[87] ECF Doc. No. 57 at 10.

[88] *Id.* Mr Nunez's life sentence for the murder of Brian Scott and related arson remains undisturbed by our grant of habeas relief on Claim One. We only grant Mr. Nunez habeas relief in the form of vacating his conviction and sentence for the May 2001 murder of Mr. Jastrzebski.

[89] *Id.* at 10–11.